12/20/2005 14:33 FAX 504 589●   U.S. Probation/E.Dist.LA●   ☒018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
VS.
TEDDY SINGLETON, JR.
832 VOURAY STREET, APT C
KENNER, LOUISIANA 70118

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
(SOC. SEC. NO.)

CRIMINAL ACTION
00-393 "R"
(CASE NO./SEC.)

## JUDGMENT AND COMMITMENT ORDER

The defendant appeared in person on April 11, 2001 before the Court for Sentencing.

PRESENT:  ROMA KENT, COUNSEL FOR THE DEFENDANT
TRACEY KNIGHT FOR MATTHEW COMAN, ASSISTANT U.S. ATTORNEY
LORETTA EGLEN, U.S. PROBATION OFFICER
TONI TUSA, COURT REPORTER
JAY SUSSLIN, COURTROOM DEPUTY

THE DEFENDANT ENTERED A PLEA OF GUILTY ON JANUARY 3, 2001.

The Court adjudged the defendant guilty as to his plea of Guilty as to Counts 1 and 2 of the Indictment charging the defendant with bank robbery in violation of 18 U.S.C. § 2113(a).

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Teddy Singleton, Jr., is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 51 months as to Counts 1 and 2 of the Indictment, to be served concurrently. IT IS FURTHER ORDERED that the defendant make restitution to Hibernia National Bank in the amount of $1,652.00 and to First Bank and Trust in the amount of $1,264.00. Any payment that is not made in full shall be divided proportionally among the persons named. The Court finds that the defendant does not have the ability to pay interest on the restitution. The Court will waive the interest requirement in this case. The payment of the restitution of $2,916.00 shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $85.00 per month. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years as to Counts 1 and 2 of the Indictment. This term consists of terms of three years on each of Counts 1 and 2, all such terms to run concurrently. Within 72 hours of release from custody, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court, and shall not possess a firearm. In addition, the following special conditions are imposed: 1) The defendant shall participate in an orientation and life skills program as directed by the probation officer; 2) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer; and 3) The defendant shall pay any restitution imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

IT IS FURTHER ORDERED that the defendant shall pay to the United States the special assessment in the amount of $200.00, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant, Teddy Singleton, Jr., is hereby remanded to the custody of the United States Marshals.

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of supervised release imposed above, IT IS HEREBY ORDERED that the general conditions of supervised release set out on the reverse side be imposed.

New Orleans, Louisiana, this 11th day of April, 2001.

Sarah Vance
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

APR 12 2001
CERTIFIED AS A TRUE COPY
ON THIS DATE
BY: _____
Deputy Clerk

 

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully, all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least two weeks prior to any change in residence and within seventy-two hours of any change in employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

The court makes the following recommendation to the Bureau of Prisons:

IT IS ORDERED that the Clerk deliver a certified copy of this Judgment and Commitment to the U.S. Marshal or other qualified officer.

### RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on ____ to _____ at

_____, with a certified copy of this Judgment.

_____
United States Marshal

(Signed) _Teddy Singleton_        9/25/06
          Defendant                Date

_[signature]_                      9/25/06
U.S. Probation Officer/           Date